STATE EX REL. GRELLE and others, Appellants, vs. CARROLL and others, Respondents.

*January 15—February 10, 1931.*

For the appellants there was a brief by *Kopp & Brunckhorst* of Platteville and *Graves & Earll* of Prairie du Chien, and oral argument by *Arthur W. Kopp* and *J. S. Earll*.

*Albert C. Wolfe* of La Crosse and *J. P. Evans* of Prairie du Chien, for the respondents.

NELSON, J. The defendants were elected members of the school board of the city of Prairie du Chien at the regular spring election held on the 2d day of April, 1929. They duly qualified as such officers and organized as a school board on the 1st day of July, 1929. The plaintiffs were elected by the council of the city of Prairie du Chien on and between the 1st and 9th days of September, 1929, and claim to be the legally constituted school board.

The defendants contend that they were duly elected as members of the school board of the city of Prairie du Chien pursuant to the provisions of secs. 40.50 to 40.60 of the Wisconsin Statutes for the year 1927, enacted by ch. 425 of the Laws of 1927. The plaintiffs, on the other hand, contend that said sections enacted by said chapter were not applicable to the city of Prairie du Chien at the time of the holding of the regular spring election in the year 1929, for the reason that the Prairie du Chien school district included, at that time, besides all of the territory comprising the city, two sections adjacent thereto lying in and being a part of the town of Prairie du Chien.

If the city of Prairie du Chien was not subject to the provisions of secs. 40.50 to 40.60, Stats., at the time that the defendants were elected, then it follows that the defendants were not legally elected, since the charter of the city of

Prairie du Chien, in force and effect at the time of the enactment of ch. 425 of the Laws of 1927, provided that members of the school board should be elected by the common council. A determination of this dispute lies in the correct answer to the following question: Was the city of Prairie du Chien, in April, 1929, subject to the provisions of secs. 40.50 to 40.60 of the Wisconsin Statutes for the year 1927?

Secs. 40.50 to 40.60 obviously provided a "City school plan" applicable to all cities within those provisions. So many of said sections as are applicable to this controversy follow:

"*City school plan.* Sections 40.50 to 40.60 provide a plan or system of school administration for each city of the fourth class whose territory constitutes an entire school district, and each city of the second or third class, to the end that city schools shall be as nearly uniform as practicable. All general school statutes govern city schools as far as applicable, and as they are in harmony with this plan. This plan shall become effective on July 1, 1928, except that the members of the school boards shall be elected the first Tuesday of the preceding April.

"Section 40.51 (Stats.). *City is a school district.* (1) Each city, affected by this plan, is a single and separate school district; and any territory outside of the city which is joined with city territory in the formation of a school district, when this plan becomes effective, is hereby attached to the city for school purposes.

"(2) The electors residing in such attached territory shall have the right to vote on all school matters which are submitted to or are voted on by the city electors, and may exercise such right at the city polling places nearest to their respective residences, without being required to register."

The city of Prairie du Chien is a city of the fourth class, but the plaintiffs contend that it was not subject to the provisions of sec. 40.50, Stats. 1927, because its territory did not constitute "an entire school district" as provided by that section; that it did not constitute an entire school district because two sections of land adjacent to the city but lying

in the town of Prairie du Chien were a part of the school district of the city of Prairie du Chien, not by proper or positive annexation pursuant to law but because of long acquiescence of the city and town of Prairie du Chien and the people residing within such sections; that the words of the statute "whose territory constitutes an entire school district" mean and are synonymous with the words "whose territory is coextensive with a single school district." In short, the plaintiffs contend that, since the Prairie du Chien school district included two sections of land without the city, its territory was not coextensive with the city, and therefore the law was not applicable to the city of Prairie du Chien. The defendants, on the other hand, contend that the two sections of land lying without the city were never legally annexed to the city school district and could not become legally joined thereto by acquiescence however long continued.

A careful consideration of the history of the school district in question leads us to the conclusion that the school district, as it existed when ch. 425, Laws of 1927, was enacted, was coextensive with the city of Prairie du Chien, and thus, even under the construction of sec. 40.50 contended for by the plaintiffs, the city of Prairie du Chien was subject to the provisions of said sections.

Prior to the incorporation of the city of Prairie du Chien, which was accomplished by the enactment of ch. 21 of the Private and Local Laws of 1872, various school districts had existed embracing the territory which later became incorporated into the city, as well as certain territory not so embraced. Ch. 21 of said Laws of 1872 contains no provisions relating to the schools of Prairie du Chien. In 1875 the charter of the city of Prairie du Chien was revised and amended by ch. 187, Laws of 1875, to cover the matter of schools, said amendment providing for the election of school commissioners by the common council of the city. In 1876 the charter was again amended by ch. 38 of the Laws of

1876 by adding the following at the end of the sixth subdivision of sec. 7 of ch. 187 of the Laws of 1875:

"Provided, however, that nothing in this act shall be so construed as to deprive the city of Prairie du Chien, consolidated by this act, into one school district, from all the rights and privileges of a school district of this state, and the said city of Prairie du Chien is hereby declared for the purposes hereinafter mentioned to be a school district."

On July 24, 1876, after the adoption of the amendment just hereinbefore mentioned, the town board of the town of Prairie du Chien held a special meeting to make arrangements regarding the territory "which formerly belonged in the schools of the city of Prairie du Chien and forming joint districts with districts numbered 2 and 4 of said city," and at said meeting the board provided as follows:

"That part of the town which belonged to school district No. 2 was not attached to any district but was left over for further consideration."

On August 7, 1876, at a meeting of the common council of the city of Prairie du Chien, certain petitions from the supervisors were presented to and acted upon by said common council. One of these petitions asked the city to become a joint school district with a part of the town of Prairie du Chien so that their children could have the advantage of the city schools. The petition was read and referred to the committee on schools. At the next meeting, held in September following, a report was read and unanimously adopted which referred the communication from the town of Prairie du Chien, requesting the city to form a joint school district with the town, to the board of education with full power to act as they may deem proper in regard to it. Thereafter on November 1, 1876, the town board of Prairie du Chien received a communication from the board of education of the city of Prairie du Chien which informed the town board of a resolution adopted by the board of education

of the city of Prairie du Chien, which resolution was as follows:

"Whereas a petition has been received from the supervisors of the town of Prairie du Chien asking the city to receive that part which formerly belonged to district No. 2 as a joint district, the board resolved to grant the request."

The town board accepted the resolution unanimously and resolved as follows:

"Whereas the city of Prairie du Chien, upon request, has accepted the proposition of the board in regard to school matters, therefore

"Be it resolved, that that part of the town of Prairie du Chien, sections 29 and 30, which formerly constituted a part of school district No. 2 of said town, be and the same is hereby attached to and shall form a part of the schools of the city of Prairie du Chien for all purposes whatsoever, pursuant to the law of the state, in regard to joint school districts."

Thereafter, on July 2, 1877, the board of education further considered the matter and entered in its records, under that date, the following:

"The board of education think that it is not in their power to change the boundary line of the city school district, but they agree to admit the children of Mr. Marion to the schools of this city for a reasonable tuition."

Thereafter, children from these sections were admitted to the schools of the city of Prairie du Chien and these two sections raised taxes which were turned over to the city. No further action as regards said two sections was ever taken by either the council of the city or by the town board.

In the year 1889 the legislature, by ch. 491 of the Laws of 1889, revised, consolidated, and amended the charter of the city of Prairie du Chien. Ch. X of said chapter relates to schools and sec. 76 of said chapter is in part as follows:

"The city of Prairie du Chien shall constitute and be one school district, and shall have all the rights and privileges of a school district of this state," etc.

Sec. 77 of said chapter provides that the board of education shall be elected by the common council in the manner therein stated. Sec. 86 of said ch. X relates to the manner of attaching outside territory to the city school district. It provides that action to attach territory requires "the joint action of the mayor and common council of said city and the supervisors of the town in which said territory so attached is situated," etc. After the passage of ch. 491 of the Laws of 1889 no change in the method of electing members of the school board was made until the passage of ch. 425 of the Laws of 1927.

It is apparent from the history just detailed that since the enactment of ch. 491 of the Laws of 1889, wherein the legislature enacted that "the city of Prairie du Chien shall constitute and be one school district," and further provided the manner of attaching outside territory to the school district of the city of Prairie du Chien by joint action of the mayor and council of said city and the supervisors of the town in which said territory so attached is situated, no action has been taken to make sections 29 and 30 a part of the Prairie du Chien city school district. It is quite apparent that the action taken by the board of education in 1876, on having the matter of the petition of the town referred to it by the common council, and the subsequent action of the supervisors of the town of Prairie du Chien, were in no sense sufficient legally to make said sections a part of a joint district with the city of Prairie du Chien. The authority of the legislature, by ch. 491 of the Laws of 1889, to declare that "the city of Prairie du Chien shall constitute and be one school district," cannot be seriously questioned. No action having been taken jointly by the common council of the city and the board of supervisors of the town to make sections 29 and 30 a part of the city school district, as required by law, we must hold that said sections never became a part of the city school district although a working arrange-

ment has continually existed since 1889 under which the children residing in said sections were permitted to attend the city public schools. So we come to the conclusion that the city of Prairie du Chien, at the time of the enactment of ch. 425, Laws of 1927, constituted a single district and that said sections without the city were not in fact legally a part of the said school district. The determination of this fact as stated leads us to the conclusion that the school district of the city of Prairie du Chien, as it existed in the years 1927 and 1928, was coextensive with the city of Prairie du Chien and, even under the construction of sec. 40.50, Stats., contended for by the plaintiffs, the city of Prairie du Chien was clearly subject to the provisions of secs. 40.50 to 40.60.

If, however, the situation were otherwise and sections 29 and 30 were legally annexed to the school district of the city of Prairie du Chien, we should nevertheless be impelled to conclude that secs. 40.50 to 40.60, Stats., were intended by the legislature to apply to cities of the fourth class whose city territory comprised a single school district even though outside territory was joined thereto. Sec. 40.50 is, to be sure, not as plain and definite in meaning as it might be. Standing alone its language would give rise to considerable confusion. Its plain end or purpose, however, is clearly expressed as follows: "To the end that city schools shall be as nearly uniform as possible." It appeared upon the trial of this action that there existed in Wisconsin, at the time of the enactment of ch. 425 of the Laws of 1927, one hundred and forty-three cities of the fourth class and, of that number, seventy-four cities of the fourth class had outside territory but had single school districts coextensive with the territory of the city. It further appeared that a limited number of cities of the fourth class had more than one school district within their city territorial limits. Had the legislature intended to enact a law applicable only to a part of the cities of the fourth class, it seems reasonable to believe that clear and

appropriate language would have been employed. This conclusion seems fortified by the fact that said ch. 425 originated as a revisor's bill. To illustrate: Had the legislature intended ch. 425 to apply only to cities of the fourth class "whose territory is coextensive with a single school district," or "only to those cities of the fourth class whose territory constitutes a single school district with no outside territory," it easily and clearly could have so provided.

Sec. 40.51 is much more specific and rather controlling as to the scheme of the city school plan. This section provides that "Each city, affected by this plan, is a single and separate school district; and any territory outside of the city which is joined with city territory in the formation of a school district, when this plan becomes effective, is hereby attached to the city for school purposes." Here again, it seems clear that had the legislature intended sec. 40.51 to apply only to cities of the second and third class having outside territory, as contended by the plaintiffs, it would have been a simple matter to have so provided by incorporating into sub. (1) of said section language similar to the following: "And any territory outside of a city of the second or third class which is joined," etc., or by further incorporating into sub. (2) of said section language similar to the following: "The electors residing in territory attached to cities of the second and third class shall have the right to vote," etc. The fact that the legislature did not so provide leads to the conclusion that ch. 425 was intended to apply to all cities of the fourth class in which a single school district existed regardless of whether there was, in fact, outside territory joined thereto. The purpose of the act was clearly to bring about in city schools a plan "as nearly uniform as practical," and this express purpose of the act, considered in connection with the specific provisions of sec. 40.51, seems quite clearly to show the intention of the legislature. No other construction would seem at all consistent with the uniformity specifically desired.

This construction is in harmony with the uniform construction placed upon the act by the attorney general. Op. Att'y Gen. vol. 16, p. 373; vol. 17, p. 21; vol. 18, p. 347; and vol. 19, p. 491.

Because we have concluded that the territory comprising the city of Prairie du Chien was coextensive as a matter of fact with its school district, and because we construe ch. 425 as applying to each city of the fourth class having a single school district, regardless of whether outside territory is joined with the city, it follows that the defendants were, in our opinion, duly elected and are entitled to their offices as members of the school board of the city of Prairie du Chien, as found by the trial court.

*By the Court.*—Judgment affirmed.